**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4608**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

STERLING C. DAVIS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:20-cr-00023-GMG-RWT-1)

———————

Submitted:  May 28, 2024                                              Decided:  June 21, 2024

———————

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Christian J. Riddell, THE RIDDELL LAW GROUP, Martinsburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sterling C. Davis appeals his convictions and the 94-month sentence imposed after a jury found him guilty of conspiracy to possess with intent to distribute and to distribute 100 grams or more of heroin and 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); 846; and two counts of unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b), (d). On appeal, Davis contends that the district court impermissibly allowed one of the Government's witnesses, Sergeant Jonathan Bowman, to provide expert testimony on the topic of coded drug language. He also challenges the court's application of the Sentencing Guidelines. For the reasons that follow, we affirm.

"We review a district court's decision to admit or exclude evidence over the defendant's objection for an abuse of discretion." *United States v. Walker*, 32 F.4th 377, 394 (4th Cir. 2022) (cleaned up). Here, however, Davis' trial counsel made a strategic decision not to object.[*] For this reason, and because we are unpersuaded by Davis' claims on appeal that he nevertheless preserved this issue, we review only for plain error. *Id.* To prevail under this standard, Davis must show that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness,

---

[*] Davis contends that his trial counsel provided ineffective assistance by not raising an objection. But "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because we discern "no conclusive evidence of ineffective assistance on the face of this record," this "claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

integrity, or public reputation of judicial proceedings." *Id.* at 394-95 (internal quotation marks omitted).

> Davis' challenge hinges on Rules 701 and 702 of the Federal Rules of Evidence.
>
> Under Rule 701, a lay witness may only offer an opinion that is "rationally based on [his] perception." Fed. R. Evid. 701(a). By contrast, to offer an opinion "based on scientific, technical, or other specialized knowledge," the witness must first be qualified as an expert under Rule 702. *Id.* at 701(c). The line between lay and expert testimony is a fine one. Under our case law, if a witness's firsthand observations are common enough and require applying only a limited amount of expertise, they may fairly come in under Rule 701 as lay testimony. On the other hand, opinions resulting from a process of reasoning which can be mastered only by specialists in the field must be admitted through Rule 702.

*United States v. Smith*, 962 F.3d 755, 766-67 (4th Cir. 2020) (some citations and internal quotation marks omitted).

Sergeant Bowman, who served as the case agent for the investigation that led to Davis' prosecution, testified extensively about the meaning of coded language used in intercepted phone calls and text messages. The Government did not present him as an expert, and, on cross-examination, Davis' counsel took pains to establish that Bowman was testifying only as a layperson. For example, counsel confirmed that Bowman had not consulted any documents, treatises, manuals, or reference books on drug lingo. Counsel also highlighted that Bowman's interpretations were based only on his subjective beliefs.

Nevertheless, on appeal, Davis insists that Bowman actually provided expert testimony. From this premise, Davis argues that the Government failed to disclose Bowman as an expert, that Bowman would not have qualified as an expert, and that the manner and method of Bowman's expert testimony was improper. However, based on our

3

review of the record, including Bowman's answers on cross-examination, we conclude that Bowman was not testifying as an expert witness with "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702(a). Consequently, we find that Davis fails to establish plain error in the court's admission of Bowman's testimony.

Next, Davis contests the district court's decision to apply the four-level role-in-the-offense enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(a) (2018). "In determining whether a district court properly applied the advisory Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Morehouse*, 34 F.4th 381, 387 (4th Cir. 2022) (cleaned up). Under the clear error standard, we may reverse "only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Barnett*, 48 F.4th 216, 220 (4th Cir. 2022) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 823 (2023). If, on the other hand, "the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it." *Id.* (internal quotation marks omitted).

Under USSG § 3B1.1(a), a four-level enhancement applies "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." To determine whether a defendant's involvement rose to the level of organizer or leader, courts consider:

> [1] the exercise of decision making authority, [2] the nature of participation in the commission of the offense, [3] the recruitment of accomplices, [4] the claimed right to a larger share of the fruits of the crime, [5] the degree of

4

participation in planning or organizing the offense, [6] the nature and scope of the illegal activity, and [7] the degree of control and authority exercised over others.

*United States v. Cameron*, 573 F.3d 179, 184 (4th Cir. 2009) (quoting USSG § 3B1.1, cmt. n.4).

Davis insists that his role in the conspiracy was minimal.  However, in applying the enhancement, the district court found that Davis gave directions to others, held decision-making authority, and arranged for the delivery of controlled substances.  Based on these findings, we discern no abuse of discretion in the court's determination that Davis served as an organizer or a leader of the conspiracy.

Accordingly, we affirm Davis' criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*